**No. 58044.**—On Leong Association *v.* United States, protest 170933–K (Baltimore).

LAWRENCE, Judge: The On Leong Association, also known as The Chinese Merchants Association of Baltimore City (Maryland), brought this cause of action seeking to recover certain duties assessed by the collector of customs upon an importation of various articles from Hong Kong, China, which were declared upon entry by the secretary of plaintiff association to be "Chinese Regalia."

The articles in controversy are described on the consular invoice as follows: "Brass Spear," "Lead Candle Holders," "Lead Vase," "Lead Fire Stove," "Lead Stove's Covers," "Lead Fire Stove's Ears," "Brass Candle Stand," and "Brass Fire Stove," which were classified as articles of metal, either brass or lead, and assessed with duty at the rate of 22½ per centum ad valorem in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Upon certain of the foregoing items an additional tax was imposed on the copper content therein pursuant to the provisions of the Internal Revenue Code (26 U. S. C. § 3425). However, that assessment is not challenged and may, therefore, be dismissed from consideration. Other items consisted of "Silk Embroideries Flying Fish," "Silk Embroideries Umbrella Tessel," "Silk Embroideries Flags," and "Silk Crape Girdle," which were classified as "Embr. Articles, Other" and assessed with duty at the rate of 50 per centum ad valorem pursuant to the provisions of paragraph 1529 (a) of said act (19 U. S. C. § 1001, par. 1529 (a)), as modified by said trade agreement. In addition, the following two items appear on the invoice: "Bamboo Umbrella's Handle" and "Wooden Umbrella Tessel's Top," which were classified as manufactures of bamboo and assessed with duty at the rate of 45 per centum ad valorem as provided in paragraph 409 of said act (19 U. S. C. § 1001, par. 409).

Plaintiff's sole claim is that the articles above enumerated are exempt from duty by the terms of paragraph 1773 of the act of 1930 (19 U. S. C. § 1201, par. 1773), for the following reasons:

(1) That the Articles involved are embroidered regalia worn by the officers of the Association on special occasions.

(2) That the Association is purely educational, maintaining a school for the American born Chinese and the teaching of the Chinese Language and Chinese Culture.

(3) That said Articles were imported for the sole use by the said Association for the purposes above stated and not for sale or consumption.

(4) That said Association is a Philosophical Association in that it inculcates into the said Chinese children, the Chinese Tradition, Customs, Literature and Language.

Said paragraph 1773, with emphasis added, reads as follows:

Statuary and casts of sculpture for use as models or for art educational purposes only; *regalia and gems, where specially imported in good faith for the use and by order of any society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts,* or for the use and by order of any college, academy, school, seminary of learning, orphan asylum, or public hospital in the United States, or any State or public library, *and not for sale,* subject to such regulations as the Secretary of the Treasury

shall prescribe; but *the term "regalia" as herein used shall be held to embrace only such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution,* and shall not include articles of furniture or fixtures, or of regular wearing apparel, nor personal property of individuals.

At the conclusion of the trial, the parties were afforded ample time in which to submit briefs, but none has been filed.

Obviously, to come within the terms of paragraph 1773, *supra,* the articles in controversy must be "regalia" imported by a "society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts." Furthermore, in order to meet the definition of "regalia," as described in said paragraph 1773, such articles must be "such insignia of rank or office or emblems as may be worn upon the person or borne in the hand during public exercises of the society or institution."

From an examination of the record, it is clear that none of the articles in the importation measures up to the requirements of this definition.

The only testimony in the case was that of Erk Bock, secretary of the plaintiff association. He was interrogated as to all of the items above enumerated, and his testimony establishes without contradiction that said articles are used as objects in the rooms of the association to be observed and admired by its members and that they are not worn upon the person or borne in the hand during the exercises of the association.

Implicit in the classifications of the various articles by the collector of customs is the presumption that he found all facts necessary to enable him to make those classifications (*United States* v. *I. Magnin & Co., Inc.,* 21 C. C. P. A. (Customs) 77, T. D. 46394, and *United States* v. *Lilly & Co.,* 14 Ct. Cust. Appls. 332, T. D. 41970), and the correctness of the collector's action has not been disturbed by the testimony of the witness Bock.

Being satisfied upon the record before us that the articles in controversy are not "regalia," as that term is defined in paragraph 1773, *supra,* we find it unnecessary to determine whether or not the On Leong Association is a "society incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts" within the meaning of said paragraph 1773. The protest is overruled.

Judgment will be entered accordingly.